## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

NATIONWIDE MUTUAL INSURANCE
COMPANY,

        Plaintiff,

vs.                                                   No. CIV 15-0199 JB/KBM

C.R. GURULE, INC., CLYDE GURULE,
DARLENE GURULE, DEIDRA GURULE and
DAVE ELROY ROMERO, JR., as personal
representative of the estate of Christian Gurule,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Nationwide Mutual Insurance Company's Motion for Reconsideration, filed November 18, 2015 (Doc. 37)("Motion").  The Court will hold a hearing on January 11, 2016.  The primary issues are: (i) whether the Court erred in dismissing the case in deference to the state-court proceedings on the basis of the factors that the Supreme Court of the United States and the United States Court of Appeals for the Tenth Circuit established in in State Farm Fire and Casualty Co. v. Mhoon, 31 F.3d 979 (10th Cir. 1994)(White, J.)("Mhoon"); and (ii) whether it should change its prior ruling now on the basis that the state-court proceedings are moving slower than the Court anticipated.  Because the factors that the Tenth Circuit established as controlling still suggest that the Court should decline to exercise jurisdiction, and because Plaintiff Nationwide Mutual Insurance Company does not present any sound reasons for the Court to grant its Motion to Reconsider under rule 59(e) of the Federal Rules of Civil Procedure, the Court denies the Motion.

## FACTUAL BACKGROUND

Nationwide Insurance issued an insurance policy, number 7201351200 ("policy"), to Defendant C.R. Gurule, Inc. for the period of November 10, 2012, through November 10, 2013. See Complaint for Declaratory Judgment ¶¶ 1-5, at 1-2, filed March 9, 2015 (Doc. 1).  The Gurules reside in Penasco, New Mexico -- near San Miguel County.  See Transcript of Motion Proceedings before the Court at 43:19-22 (Gorman)(taken July 29, 2015)("Tr.").  Clyde and Darlene Gurule own C.R. Gurule, Inc., and their son, Christian Gurule, works there as an employee.  See Complaint at 2-3.[1]  On May 13, 2013, Anthony Chavez' vehicle struck Christian Gurule's vehicle -- a 2007 Volkswagen Jetta -- in Bernalillo County, New Mexico.  See Complaint ¶ 6, at 2; Motion at 2.  The car crash killed Christian Gurule.  See Complaint ¶ 6, at 2; Motion at 2.  Christian, age twenty-four, "owned the Jetta and insured it through Sentry Insurance at the time of the accident."  Complaint ¶ 7, at 2.  Nevada General Insurance Company insured Chavez.  See Complaint ¶ 8, at 2.

The Gurules owned an insurance policy through The Hartford Casualty Insurance Company.  See Complaint ¶ 9, at 2; Motion at 2.  On December 18, 2013, the Gurules filed a Complaint for Wrongful Death in the County of San Miguel, Fourth Judicial District Court, State of New Mexico.  See Motion at 2; Gurule v. Nationwide Mutual Ins. Co., D-412-CV-2013-00502 (4th Jud. Dist. Ct., San Miguel Cnty., N.M.)(Baca, J.).[2]  They joined both Chavez and The Hartford, but the state court subsequently dismissed The Hartford upon settlement with the

---

[1]The Court will refer to Defendants Clyde Gurule, Darlene Gurule, Deidra Gurule, C.R. Gurule, Inc., and Dave Romero, Jr. -- Christian Gurule's personal representative -- as the Gurules.

[2]The County seat of San Miguel County is in Las Vegas, New Mexico.  The Honorable Gerald Baca, New Mexico District Court Judge, sits in Las Vegas, New Mexico.

Gurules.  See Motion at 2-3.  The Hartford's uninsured motorist coverage allegedly did not fully compensate the Gurules for Christian's death, so they sought underinsured motorist benefits under the Nationwide Insurance policy.  See Complaint ¶ 10, at 2.

The Gurules therefore made a claim upon Nationwide Insurance for uninsured motorist coverage under C.R. Gurule Inc.'s policy on December 23, 2014.  See Complaint ¶ 10, at 2. Specifically, they asserted that "Christian Gurule was a Class I[3] insured under the policy and that two vehicles were insured under the policy, entitl[ing] Defendants to stacked coverage[4] of $2,000,000."  Complaint ¶ 10, at 2.  Nationwide Insurance responded in early January, asking for additional information.  See Tr. at 8:1-3 (Gorman).  More than one month later, Nationwide Insurance requested additional time to evaluate the claim, and promised to respond by March 27, 2015 or earlier.  See Tr. at 8:12-17 (Gorman); Letter from Haley Crawford, Nationwide Mutual Insurance Company Agent, to David Garcia at 1 (dated February 23, 2015), filed May 19, 2015 (Doc. 4)("Nationwide Letter").  Nationwide Insurance never sent the Gurules any further correspondence regarding the policy claim and instead filed a Complaint for Declaratory Judgment in federal court.  See Complaint for Declaratory Judgment ¶ 1, at 1.

## PROCEDURAL BACKGROUND

On March 9, 2015, Nationwide Insurance filed this action seeking a declaratory judgment that "Defendants are not entitled to uninsured motorist coverage under the policy."  Complaint for Declaratory Judgment ¶ 10, at 3.  Nationwide waited six weeks to serve the Gurules with the

---

[3]New Mexico recognizes two classes of insureds.  "Class I insureds are the named insured, the spouse, and those relatives that reside in the household while Class II insureds are insured by virtue of their passenger status in an insured vehicle."  Ponder v. State Farm Mut. Auto. Ins. Co., 2000-NMSC-033, ¶ 22, 12 P.3d 960, 967.

[4]Stacked coverage entitles an insured to "stack," or aggregate, the coverage limits of the number of automobiles that an insured has under his or her policy with an insurer.  Montano v. Allstate Indem. Co., 2004-NMSC-020, ¶ 2, 92 P.3d 681, 682.

Complaint.  See Summons Issued as to C.R. Gurule, Inc., Clyde Gurule, Darlene Gurule, Deidra Gurule, and Dave Romero, filed April 21, 2015.  Nationwide Insurance asserts that the Court's basis for subject-matter jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332.  See Complaint for Declaratory Judgment ¶ 3, at 1.  Nationwide Insurance contends that it rejected the Gurules' claim because "only one vehicle was insured under the applicable policy."  Complaint for Declaratory Judgment ¶ 11, at 2-3.

On March 11, 2015, after realizing that Nationwide Insurance filed a federal lawsuit without informing them of their claim's status, the Gurules filed an amended complaint in state court, adding Nationwide Insurance as a defendant.  See Motion at 4.  They allege that "Nationwide breached its contract by failing to pay under the contract's uninsured motorist coverage clause and violated the New Mexico Unfair Trade Practices Act, Fraud Act and Insurance Code by failing to investigate and respond in good faith to the Gurules' demand for coverage."  Motion at 4.  On April 20, 2015, Nationwide Insurance filed in state court: (i) a Motion to Dismiss the Gurules' Claims for Declaratory Judgment, Breach of Contract and Trade Practices and Fraud Act Violations ("Motion to Dismiss"); and (ii) a Motion to Strike Plaintiffs' First Amended Complaint for Wrongful Death and Declaratory Judgment ("Motion to Strike).  Response at 3.  Nationwide Insurance's Motion to Dismiss in state court aims to dismiss the Gurules' declaratory judgment action seeking a declaration that the policy covers Christian Gurule's accident -- the same issue now before the Court.

1.      **The Federal Motion for Dismissal.**

The Gurules then filed the Motion for Dismissal or Stay on May 19, 2015 (Doc. 4)("Motion for Dismissal"), requesting "that the Court dismiss or stay" the declaratory judgment action, and "defer to the case long pending in the Fourth Judicial District of the State of New

Mexico." Motion for Dismissal at 1. They argued that the declaratory judgment action involves a state law issue that is already being litigated in the lawsuit filed in state district court on December 18, 2013. See Motion for Dismissal at 1. They asked the Court to "exercise its discretion to decline jurisdiction," because "it turns on an issue of state law better resolved by the New Mexico state court, which already has in front of it all of the other claims related to the wrongful death of Christian Gurule." Motion for Dismissal at 1-2.

At the time the Court decided the Motion for Dismissal, the state court had already heard and decided Nationwide Insurance's Motion to Dismiss and Motion to Strike. It denied both motions. See Order Denying Nationwide's Motion to Dismiss Plaintiffs' Claims for Declaratory Judgment, Breach of Contract and Trade Practices and Fraud Act Violations at 1, filed in state court September 3, 2015, filed in federal court September 3, 2015 (Doc. 21)("State Court Order Denying Motion to Dismiss"); Order Denying Defendants' Motion to Strike Plaintiff's First Amended Complaint for Wrongful Death and Declaratory Judgment at 1, filed in state court September 3, 2015, filed in federal court September 3, 2015 (Doc. 21)("State Order Denying Motion to Strike"). Nationwide Insurance sent copies of the orders to the Court on September 3, 2015. See Email from Gregory L. Biehler to the Honorable James O. Browning, United States District Court Judge for the District of New Mexico (September 3, 2015), filed September 3, 2015 (Doc. 21). On September 24, 2015, Nationwide Insurance also sent the Court a notice that the Honorable Gerald E. Baca, state court judge for New Mexico's Fourth Judicial District, had recused himself from the case. See Email from Gregory L. Biehler to the Honorable James O. Browning, United States District Court Judge for the District of New Mexico (September 23, 2015), filed September 24, 2015 (Doc. 26)("Email Regarding J. Baca's Recusal").

- 5 -

2. <u>**The Court's Memorandum Opinion and Order**</u>.

The Court declined to exercise jurisdiction over Nationwide Insurance's declaratory judgment action after analyzing the factors that Tenth Circuit precedent requires district courts to consider. Contrary to Nationwide Insurance's suggestion, the Court did not rely solely upon one factor to arrive at its decision. <u>See</u> Motion at 5. Considering only one factor would not be consistent with Tenth Circuit law. In its Memorandum Opinion and Order, the Court thoroughly discussed case law from the Supreme Court of the United States and the Tenth Circuit. <u>See</u> <u>Nationwide Mut. Ins. Co. v. C.R. Gurule, Inc.</u>, 2015 WL 7800769, at *4-7 ("MOO")(describing the law regarding courts' exercise of discretionary jurisdiction over declaratory judgment actions). The Court explained how the Tenth Circuit in <u>Mhoon</u>,

> adopted a five-factor test for evaluating whether a district court should exercise its discretionary jurisdiction over a declaratory judgment action:
>
>> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to res judicata "; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

> <u>St. Paul Fire and Marine Ins. Co. v. Runyon</u>, 53 F.3d 1167, 1169 (10th Cir. 1995)(quoting <u>Mhoon</u>, 31 F.3d at 983).

MOO, 2015 WL 7800769, at *4. The Court then described similar Tenth Circuit cases in which the factors point in different directions. <u>See</u> MOO, 2015 WL 7800769, at *4-7. Specifically, the Court thoroughly described <u>St. Paul Fire and Marine Ins. Co. v. Runyon</u>, where the Tenth Circuit concluded that the district court correctly declined jurisdiction when the declaratory-judgment plaintiff engaged in procedural fencing. <u>See</u> MOO, 2015 WL 7800769, at *5.

In its analysis section, the Court applied the Tenth Circuit's five-factor test.  It relied heavily on the Tenth Circuit's decision in St. Paul Fire and Marine Ins. Co. v. Runyon, because that case involved a situation similar to the case before the Court.  In both cases, the Court observed, the insurance company engaged in procedural tactics, and "us[ed] the declaratory judgment action for procedural fencing or 'to provide an arena for a race to *res judicata*.'" MOO, 2015 WL 7800769, at *5 (quoting St. Paul Fire and Marine Ins. Co. v. Runyon, 53 F.3d at 1170 (emphasis in original)).  The Court described Nationwide Insurance's tactics at length:

> The third Mhoon factor also suggests that the Court should not exercise jurisdiction.  The third factor directs federal courts to decline jurisdiction when one party seeks a declaratory remedy "merely for the purpose of 'procedural fencing' or 'to provide an arena for a race to res judicata.'"  St. Paul Fire and Marine Ins. Co. v. Runyon, 53 F.3d at 1169 (quoting Mhoon, 31 F.3d at 983).  Here, Nationwide Insurance asked the Gurules for more time to determine whether the policy covered their claims.  See Nationwide Letter at 1-2; Response at 7-8.  It stated that it would reach a decision by no later than March 27, 2015.  See Nationwide Letter at 1-2.  Nationwide Insurance was aware that the Gurules had already filed a state court action, and that they might join Nationwide Insurance as a defendant if Nationwide denied their claim, because in Nationwide Insurance's federal Complaint, it named as a Defendant Dave Elroy Romero -- the personal representative of Christian Gurule's wrongful death estate.  See Complaint at 1.  Nationwide Insurance could only have obtained Romero's name from viewing the state court filings.  See Motion at 9; Reply at 3.  Less than three weeks before Nationwide Insurance's deadline to decide the Gurules' claim, it filed this federal action.  Nationwide Insurance did not inform the Gurules that it was denying coverage until after it filed its lawsuit in federal court.  See Tr. at 37:16-20 (Biehler, Court)(Court: "So you filed the lawsuit, and then how long was it before you sent the letter [declining coverage]?"  Mr. Biehler: "A couple weeks.").
>
> Nationwide Insurance cites the Court's decision in American National Property and Casualty Co. v. Wood, 2008 WL 2229742 (D.N.M. 2008)(Browning, J.)("ANPAC v. Wood"), to support its contention that the Court should exercise jurisdiction.  Nationwide Insurance's case, however, involves different facts.  First, the insurance-company plaintiff in ANPAC v. Wood filed a complaint for a declaratory judgment in federal court before the claimant-defendant filed any state law complaint.  The insurance company filed its declaratory judgment action on October 17, 2007; the claimant-defendant did not file a complaint in state court until January 22, 2008.  See 2008 WL 2229742, at *1. Moreover, the insurance company did nothing to delay the claimant from

filing a state-court action.  See 2008 WL 2229742, at *12 ("There is nothing indicating that ANPAC is attempting to 'provide an arena for a race to *res judicata*.'").  Here, the Gurules filed a state court action in 2013.  Motion at 2; Gurule v. Nationwide Mutual Ins. Co., D-412-CV-2013-00502, Complaint at 1, filed in state court on December 18, 2013.  Although the Gurules did not amend the state complaint to add Nationwide Insurance as a defendant until after Nationwide Insurance filed the federal Complaint, it was clear that they intended to add Nationwide Insurance if Nationwide Insurance denied their insurance claim.  See Tr. at 17:19-23 (Gorman).  Thus, the only reason Nationwide Insurance filed first was because the Gurules were waiting for it to respond to their claim.  Second, in ANPAC v. Wood, the Court's ruling on the insurance company's declaratory action would fully settle the controversy between the parties.  See 2008 WL 2229742, at * 10.  Here, the parties must also resolve the Gurules' unfair practices claims under New Mexico law.

Unlike in ANPAC v. Wood, where the insurance company fully informed the claimant that it denied coverage, Nationwide Insurance avoided informing the Gurules that it was denying their claim until after it filed its federal Complaint. See Tr. at 37:16-20 (Biehler, Court).  It deprived the Gurules of the opportunity to amend their complaint before Nationwide Insurance filed by maintaining that Nationwide Insurance would reach a decision on their claim by March 27, 2015. See Nationwide Letter at 1.  That letter delayed the Gurules from taking any action in state court.  Fully aware of this, Nationwide Insurance filed its federal Complaint before informing the Gurules of their claim's status.  See Tr. at 37:16-20 (Biehler, Court).  The Court does not want to divest foreign parties of the benefits of diversity jurisdiction, see Tr. at 49:23-25, but it should not exercise jurisdiction where the out-of-state party engages in procedural fencing, see St. Paul Fire and Marine Ins. Co. v. Runyon, 53 F.3d at 1169; Mhoon, 31 F.3d at 983. Retaining jurisdiction over cases merely because the insurance company filed first encourages insurance companies to engage in unfair practices, like delaying claim resolution to gain an advantage in litigation.  Thus, while the Court hesitates to deny foreign corporations the benefits of diversity jurisdiction, it cannot encourage misleading insurance practices.

The Tenth Circuit reached a similar conclusion in St. Paul Fire and Marine Insurance Co. v. Runyon.  See 53 F.3d at 1170.  The insured told the insurance-company that he would initiate a state court lawsuit by February 18, 1994, if it did not assume his defense.  See 53 F.3d at 1170.  On February 17, 1994, the insurance company filed a diversity action for declaratory judgment in federal court.  The Tenth Circuit held that the evidence supported the district court's conclusion that the insurance company used the declaratory judgment action for procedural fencing. See 53 F.3d at 1170.  The Tenth Circuit stated that this factor was important in supporting the district court's decision to decline jurisdiction and to defer to the state court forum.  See 53 F.3d at 1170.  Nationwide Insurance attempts to distinguish its case because it states that the Gurules did not clearly delineate that they would file suit against Nationwide Insurance by a certain date

if Nationwide Insurance denied their claims.  See Response at 9.  Such a clear statement is not required to show procedural fencing.  The Gurules provided a date by which the Plaintiffs agreed to wait for a response to their policy claims. Moreover, because Nationwide Insurance  knew that the Gurules already filed a state case addressing these claims, state court action was a certainty rather than a mere threat.  Like in St. Paul Fire and Marine Insurance Co. v. Runyon, Nationwide Insurance used the delay period to race the Gurules to court while it induced the Gurules to wait.  This procedural fencing weighs against the Court's exercise of jurisdiction.

MOO, 2015 WL 7800769, at *16-17.  Thus, while the Court examined each factor in detail, the Court placed great importance on the third factor, like the Tenth Circuit did in St. Paul Fire and Marine Ins. Co. v. Runyon.  See St. Paul Fire and Marine Ins. Co. v. Runyon, 53 F.3d at 1170.

The Court also analyzed the first two factors: (i) whether a declaratory judgment would settle the controversy; and (ii) whether it would clarify the legal relations at issue.  See MOO, 2015 WL 7800769, at *15.  The Court stated that, according to Tenth Circuit precedent, the "purpose of these two questions is to determine whether the controversy could be better resolved in state court."  MOO, 2015 WL 7800769, at *15.  While considering whether the state court could better resolve the parties' dispute, the Court observed that "the Fourth Judicial District often moves very quickly and is able to decide issues before the Court can reach them."  MOO, 2015 WL 7800769, at *15.  With regard to the first factor specifically, the Court noted that the Gurules have a pending state law claim independent of their contract claim, meaning that a declaratory judgment would not fully settle the controversy.  See MOO, 2015 WL 7800769, at *15.  When the Court considered: (i) the speed with which the Fourth Judicial District typically resolves disputes, in addition to (ii) the fact that the Gurules' claim was already pending before the state court, and that (iii) the Court's ruling on Nationwide Insurance's declaratory judgment action will not fully resolve the parties' dispute, it concluded that the state court could better resolve the controversy.  See MOO, 2015 WL 7800769, at *15.

The Court also determined that the fourth <u>Mhoon</u> factor suggests that the Court should decline jurisdiction.   The fourth <u>Mhoon</u> factor directs courts to decline jurisdiction when retaining it would "increase friction between our federal and state courts and improperly encroach upon state jurisdiction."   MOO, 2015 WL 7800769, at *17 (quoting <u>Mhoon</u>, 31 F.3d at 983).   The Court stated that "this case involves solely state law issues," which "require[] more than a simple legal determination" and which are "pending before the state court."   MOO, 2015 WL 7800769, at *17-18 ("[T]his case involves important issues of public policy requiring interpretation of the same state law issues already pending before a state court.").   After taking into account all of these factors, the Court added that "the Fourth Judicial District of New Mexico often moves very quickly and is able to decide issues before the Court can reach them."   MOO, 2015 WL 7800769, at *18.   It cited the state court's rulings on Nationwide Insurance's Motion to Dismiss and Motion to Strike as examples of the Fourth Judicial District's ability to move quickly.   <u>See</u> MOO, 2015 WL 7800769, at *18.   Finally, it described how Nationwide Insurance's procedural tactics contribute to the friction that the fourth <u>Mhoon</u> factor seeks to avoid.   It stated:

> [F]iling an action in federal court before informing policy claimants of their claims' status causes friction with New Mexico law.   The New Mexico Insurance Code directs insurance companies to communicate with insureds, to deal with them fairly and honestly, to tell them whether their claim is covered, and if it is not covered, to explain why.   <u>See</u> Unfair Insurance Practices Act, NMSA §§ 59A-16-1−59A-16-30 ("TPFA").   If the Court allows insurance companies to avoid informing claimants whether the company covers their claim and instead file a federal lawsuit, it might be allowing them to avoid their state law duties.   Again, while the Court does not want to deprive insurance companies of the ability to choose their own forum, it does not want to encourage insurance companies to disregard state statutory obligations and therefore create friction with state courts.   Accordingly, the fourth factor weighs against exercising jurisdiction.

MOO, 2015 WL 7800769, at *18.

Last, the Court described how the fifth <u>Mhoon</u> factor -- whether an alternative remedy would be more effective -- suggests that the Court should decline jurisdiction.  The Court noted that: (i) the state court could provide an effective remedy by resolving all of the parties' disputes in the same action; and (ii) state courts are in the best position to apply and interpret state law. <u>See</u> MOO, 2015 WL 7800769, at *18.

At the end of the Court's analysis, after it had considered the <u>Mhoon</u> factors, the Court "emphasize[d] the limited scope of its ruling, and its hesitation and reluctance" to decline to exercise jurisdiction.  MOO, 2015 WL 7800769, at *19.  It emphasized that "it does not decline to exercise jurisdiction merely because the Gurules filed a parallel action in state court."  MOO, 2015 WL 7800769, at *19.  Instead, the Court explained, it declined to exercise jurisdiction because this case is unique in two main respects.  First, the Court asserted that the case "presents a unique set of facts in which the insurance company avoided informing the Gurules of their claim's status to gain an advantage in litigation."  MOO, 2015 WL 7800769, at *19.  Second, the Court noted that "the Court cannot keep up with New Mexico's Fourth Judicial District."  MOO, 2015 WL 7800769, at *19.  The Court did not expressly mention Judge Baca's recusal from the case, largely because it was discussing the speed with which the Fourth Judicial District moves in general, and not specifically the speed with which this case was moving.  In addition to the case's unique facts, the Court concluded that it should not exercise jurisdiction, because the case also involves substantial state law issues that have been pending before a court that could resolve all of the parties' claims in one case.  <u>See</u> MOO, 2015 WL 7800769, at *19.

Following its conclusion, the Court commented on its hesitance to deny out-of-state corporations a federal forum.  <u>See</u> MOO, 2015 WL 7800769, at *19.  It recognized the "common practice" in New Mexico in which plaintiffs file wrongful death lawsuits in Santa Fe and Las

- 11 -

Vegas in hopes that juries will award greater verdicts.   MOO, 2015 WL 7800769, at *19.

Nevertheless, it stated that "the federal court, with its busy criminal docket" cannot usually

outpace the Fourth Judicial District, putting the Court "in competition and friction with the state

court."  MOO, 2015 WL 7800769, at *19.  Despite the Court's hesitations, because the Mhoon

factors suggest that the Court should decline to exercise jurisdiction, the Court deferred to the

state court proceedings.

### 3. **Nationwide's Insurance's Motion for Reconsideration.**

Nationwide Insurance contends that the state court "is not further along in resolving the

parties' dispute than this Court."  Motion at 5.  It asserts that the Court based its decision not to

exercise jurisdiction over Nationwide Insurance's declaratory judgment action largely "on the

understanding that it would not be able to address the parties' issues more quickly than the

state's Fourth Judicial District Court given that the state court already decided two of

Nationwide's motions concerning the Gurules' declaratory judgment action."   Motion at 5.

Nationwide Insurance cites various statements from the Court's MOO in which the Court

expressed its reluctance to foreclose insurance companies a federal forum.  See Motion at 5-6.  It

contends that the Court would have reached a different decision "had there been evidence that

the Fourth Judicial District would not address the parties' issues before this Court would be able

to do so."  Motion at 6.  As evidence that the state court would not be able to resolve the parties'

dispute before the Court, Nationwide Insurance points to Judge Baca's recusal from the case.

See Motion at 6-7.  Nationwide Insurance argues that, as a result of Judge Baca's recusal, the

Court could have likely resolved the parties' dispute before the state court.  See Motion at 6-7.

Additionally, Nationwide Insurance argues that a ruling on Nationwide Insurance's

declaratory judgment action "will fully resolve the dispute between the parties."  Motion at 7.  It

contends that, if the Court concludes that the insurance policy does not cover Christian Gurule's accident, the Gurules cannot proceed with their remaining state law claims in state court. See Motion at 7.

The Gurules responded on December 14, 2015. See Defendants' Response to Nationwide's Motion for Reconsideration (Doc. 39)("Response"). They first argue that Nationwide Insurance raises no sound basis for the Court to grant its motion to reconsider under the Federal Rules of Civil Procedure. See Response at 4-6. They state that a motion for reconsideration is an "inappropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." Response at 5. They contend that, by raising Judge Baca's recusal, Nationwide Insurance raises facts that "were available at the time of the original motion." Response at 5. Thus, they argue, Nationwide Insurance raises no sound basis for the Court to reconsider its MOO. See Response at 7.

Second, they contend that the speed with which the state court can reach a decision is not a Mhoon factor on which the Court must rest its analysis. See Response at 10. Third, they assert that the Court based its decision on all five Mhoon factors and not just on the idea that the state court could resolve the parties' claims faster. See Response at 7-8. They contend that, despite Judge Baca's recusal, the Mhoon factors still suggest that the Court should decline to exercise jurisdiction. See Response at 7-8. Most notably, they argue that Nationwide Insurance "simply chooses to ignore the third Mhoon factor, which heavily influenced the Court's decision." Response at 10-11.

The Gurules attach documents from the state court revealing that, on December 9, 2015, the Supreme Court of New Mexico assigned the Honorable Albert Mitchell, State District Judge,

Tenth Judicial District, State of New Mexico, to preside over the action.  See Order, filed in state court December 9, 2015, filed in federal court December 14, 2015 (Doc. 39-1)("Order Designating J. Mitchell").  They contend that "Judge Mitchell sits in the most sparsely populated district in New Mexico, and it appears that he has a lower case volume than Judge Baca. Presumably he can act as quickly, or more so, than could Judge Baca."  Response at 8.  They also assert that Judge Mitchell is already moving the case along quickly: "[T]he parties have agreed to participate in a settlement conference on January 5, 2016, and the State Court will soon schedule the case for trial."  Response at 7.  Finally, the Gurules state that Nationwide Insurance "does not dispute the Court's decision with regard to the other Mhoon factors."  Response at 10.

Nationwide Insurance replied on December 29, 2015.  See Nationwide Mutual Insurance Company's Reply in Support of Motion for Reconsideration, filed December 29, 2015 (Doc. 40)("Reply").  It states that "Rule 59(e) is applicable law for this particular motion for reconsideration."  Reply at 4.  It argues that the parties agree that "one of the grounds warranting a motion for reconsideration under Rule 59(e) is 'when the decision was clearly erroneous and would work a manifest injustice.'"  Reply at 4 (citing Motion at 4 and Response at 6-7).  It asserts that the Court's decision was clearly erroneous because the state court is not further along in resolving the parties' dispute, regardless of Judge Mitchell's assignment to the case.  See Reply at 1.  Nationwide Insurance contends that the state court will not be able to address pre-trial deadlines or a trial setting until the March 24, 2016 rule 16 scheduling conference.  Reply at 2.  It admits that the Court must likewise set dates for a scheduling conference, but argues that the Court should consider whether to grant the Motion based on the fact that the Court was farther along than state court at the time the Court issued its MOO.  See Motion at 3.

## LAW REGARDING MOTIONS TO RECONSIDER UNDER RULES 59 AND 60

Except where the Federal Rules of Civil Procedure specify, motions to reconsider fall into three categories:

(i) a motion to reconsider filed within [twenty-eight] days of the entry of judgment is treated as a motion to alter or amend the judgment under rule 59(e); (ii) a motion to reconsider filed more than [twenty-eight] days after judgment is considered a motion for relief from judgment under rule 60(b); and (iii) a motion to reconsider any order that is not final is a general motion directed at the Court's inherent power to reopen any interlocutory matter in its discretion. See Price v. Philpot, 420 F.3d 1158, 1167 & n.9 (10th Cir. 2005).

Pedroza v. Lomas Auto Mall, Inc., 258 F.R.D. 453, 462 (D.N.M. 2009)(Browning, J.).  See Price v. Philpot, 420 F.3d at 1167; Computerized Thermal Imaging, Inc. v. Bloomberg. L.P., 312 F.3d 1292, 1296 (10th Cir. 2002).

Rule 59(e) provides: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).  If the movant files outside that time period, courts should treat the motion as seeking relief from judgment under rule 60(b).  See Price v. Philpot, 420 F.3d at 1167 n.9.  "[A] motion for reconsideration of the district court's judgment, filed within [rule 59's filing deadline], postpones the notice of appeal's effect until the motion is resolved."   Jones v. United States, 355 F. App'x 117, 121 (10th Cir. 2009)(unpublished).  The time limit in rule 59(e) is now twenty-eight days from the entry of a judgment. See Fed. R. Civ. P. 59(e).

Whether a motion for reconsideration should be considered a motion under rule 59 or rule 60 is not only a question of timing, but also "depends on the reasons expressed by the movant." Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc., 680 F.3d 1194, 1200 (10th Cir. 2011).  Where the motion "involves 'reconsideration of matters properly encompassed in a decision on the merits,'" a court considers the motion under rule 59(e).  Phelps

v. Hamilton, 122 F.3d 1309, 1323-24 (10th Cir. 1997)(quoting Martinez v. Sullivan, 874 F.2d

751, 753 (10th Cir. 1989)).   In other words, if the reconsideration motion seeks to alter the

district court's substantive ruling, then it should be considered a rule 59 motion and be subject to

rule 59's constraints.   Phelps v. Hamilton, 122 F.3d at 1324.

     In contrast, under rule 60,

> [o]n motion and just terms, the court may relieve a party or its legal
> representatives from a final judgment, order, or proceeding for the following
> reasons:
>
> > (1)     mistake, inadvertence, surprise, or excusable neglect;
> >
> > (2)     newly discovered evidence that, with reasonable diligence, could
> > not have been discovered in time to move for a new trial under
> > Rule 59(b);
> >
> > (3)     fraud (whether previously called intrinsic or extrinsic),
> > misrepresentation, or misconduct by an opposing party;
> >
> > (4)     the judgment is void;
> >
> > (5)     the judgment has been satisfied, released or discharged; it is based
> > on an earlier judgment that has been reversed or vacated; or
> > applying it prospectively is no longer equitable; or
> >
> > (6)     any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

     Neither a rule 59 nor a rule 60 motion for reconsideration

> are appropriate vehicles to reargue an issue previously addressed by the court
> when the motion merely advances new arguments, or supporting facts which were
> available at the time of the original motion. . . .   Grounds warranting a motion to
> reconsider include (1) an intervening change in the controlling law, (2) new
> evidence previously unavailable, and (3) the need to correct clear error or prevent
> manifest injustice.

Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).   "[A] motion for

reconsideration is appropriate where the court has misapprehended the facts, a party's position,

or the controlling law." <u>Servants of the Paraclete v. Does</u>, 204 F.3d at 1012.  A district court has considerable discretion in ruling on a motion to reconsider.  See <u>Phelps v. Hamilton</u>, 122 F.3d at 1324.

Rule 60 authorizes a district court to, "[o]n motion and just terms[,] . . . relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons," including "any other reason that justifies relief."  Fed. R. Civ. P. 60(b).  A court cannot enlarge the time for filing a rule 59(e) motion.  See <u>Brock v. Citizens Bank of Clovis</u>, 841 F.2d 344, 347 (10th Cir. 1988)(holding that district courts lack jurisdiction over untimely rule 59(e) motions); <u>Plant Oil Powered Diesel Fuel Sys., Inc. v. ExxonMobil Corp.</u>, No. 11-0103, 2012 WL 869000, at *2 (D.N.M. Mar. 8, 2012)(Browning, J.)("The Court may not extend the time period for timely filing motions under Rule 59(e) . . . .").  "A motion under rule 59 that is filed more than 28 days after entry of judgment may be treated as a Rule 60(b) motion for relief from judgment."  12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 59.11[4][b], at 59-32 (3d ed. 2012)(citations omitted).  Nevertheless, a court will not generally treat an untimely rule 59(e) motion as a rule 60(b) motion when the party is seeking "'reconsideration of matters properly encompassed in a decision on the merits' contemplated by Rule 59(e)."  <u>Jennings v. Rivers</u>, 394 F.3d 850, 854 (10th Cir. 2005).

Under some circumstances, parties can rely on rule 60(b)(1) for a mistake by their attorney or when their attorney acted without their authority.  See <u>Yapp v. Excel Corp.</u>, 186 F.3d 1222, 1231 (10th Cir. 1999)("Rule 60(b)(1) motions premised upon mistake are intended to provide relief to a party . . . when the party has made an excusable litigation mistake or an attorney has acted without authority . . . .").  Mistake in this context entails either acting without the client's consent or making a litigation mistake, such as failing to file or to comply with

deadlines.  See Yapp v. Excel Corp., 186 F.3d at 1231.  If the alleged incident entails a mistake, then it must be excusable, meaning that the party was not at fault.  See Pioneer Inv. Servs. v. Brunswick Assocs. LP, 507 U.S. 380, 394 (1993); Cashner v. Freedom Stores, Inc., 98 F.3d 572, 577 (10th Cir. 1996)("If the mistake alleged is a party's litigation mistake, we have declined to grant relief under Rule 60(b)(1) when the mistake was the result of a deliberate and counseled decision by the party."); Pelican Prod. Corp. v. Marino, 893 F.2d 1143, 1146 (10th Cir. 1990)(holding that attorney carelessness is not a basis for relief under Rule 60(b)(1)).

## ANALYSIS

Nationwide Insurance asks the Court to reconsider its prior ruling on the grounds that the Court did not discuss Judge Baca's recusal from the state court proceedings.  Nationwide Insurance does not present sufficient grounds for the Court to change its MOO under rule 59(e) for two reasons.  First, it does not show that the Court clearly erred, as Tenth Circuit precedent requires, by omitting a discussion of Judge Baca's recusal.  Second, Nationwide Insurance does not show that the Court clearly erred in its consideration of the first Mhoon factor.

**I.   NATIONWIDE INSURANCE DOES NOT DEMONSTRATE THAT THE COURT ERRED AND CREATED A MANIFEST INJUSTICE, AS TENTH CIRCUIT PRECEDENT REQUIRES, BY OMITTING A DISCUSSION OF JUDGE BACA'S RECUSAL.**

Nationwide Insurance moved for reconsideration within twenty-eight days of the judgment and stated that its motion was a rule 59(e) motion.  See Reply at 4; Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc., 680 F.3d at 1200 (stating that a court should determine whether a motion for reconsideration should be considered a motion under rule 59 or rule 60 depending not only on the motion's timing, but also "the reasons expressed by the movant").  Moreover, Nationwide Insurance seeks to change the Court's substantive ruling, which constitutes another reason the Court considers Nationwide Insurance's

Motion under rule 59.  See Phelps v. Hamilton, 122 F.3d at 1324 (concluding that courts should consider motions that seek to alter the court's substantive ruling under rule 59).

A rule 59 motion for reconsideration is not an "appropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion. . . ."  Servants of the Paraclete v. Does, 204 F.3d at 1012.  "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."  Servants of the Paraclete v. Does, 204 F.3d at 1012.

Here, Nationwide Insurance contends that the Court's lack of discussion regarding Judge Baca's recusal demonstrates "clear error."  Reply at 5-6.  Judge Baca's recusal, however, is a fact that was available at the time the Court considered the original motion.  This fact simply does not constitute one of the grounds warranting a motion to reconsider as the Tenth Circuit has defined them.  See Servants of the Paraclete v. Does, 204 F.3d at 1012.  Nationwide Insurance puts forth no intervening change in the controlling law and no new evidence previously unavailable.  While it argues that the Court's lack of discussion on Judge Baca's recusal constitutes clear error, it does not show how a lack of discussion regarding one piece of evidence in a multi-factor test rises to the level of clear error.  It does not even attempt to argue that the Court's ruling creates "manifest injustice," as the Tenth Circuit required in Servants of the Paraclete v. Does.  See 204 F.3d at 1012.

The Court's lack of a discussion of Judge Baca's recusal was not error and certainly does not rise to the level of "clear error," for several reasons.  The first, and most notable reason, is that the speed with which a court can resolve the parties' claims is not a Mhoon factor that the

Tenth Circuit requires district courts to weigh when considering whether to decline to exercise jurisdiction in a state court's favor.  See Mhoon, 31 F.3d at 983.  Instead, speed is merely one additional factor that the Court considered when examining the other Mhoon factors.  See MOO, 2015 WL 7800769, at *15.  Accordingly, the speed with which the state court could resolve the parties' claims is not a decisive factor that sways the Court from one side of the line to the other.  It is subsumed within the Court's other considerations, which weigh in favor of declining to exercise jurisdiction.  See MOO, 2015 WL 7800769, at *18.  The Court's failure to discuss a fact that is not a part of the Tenth Circuit's test is therefore not error.

The second main reason that not discussing Judge Baca's recusal does not constitute clear error is that the Court's consideration of the state court's speed was only one factor among many that the Court considered.  Even if one factor weighs in favor of retaining jurisdiction, the majority of factors outweigh the one.  Considering only one factor would be inconsistent with Tenth Circuit precedent.  See Mhoon, 31 F.3d at 983 (directing district courts to consider all five factors).  The Court's MOO demonstrates that it did exactly what Tenth Circuit law requires; it relied upon all five factors -- rather than just on one as Nationwide Insurance suggests -- to arrive at its decision.  The Court stated at the outset of its analysis:

> The Court concludes it should not exercise jurisdiction over Nationwide Insurance's declaratory judgment because the Supreme Court's and the Tenth Circuit's considerations weigh in favor of declining jurisdiction.  Nationwide Insurance's declaratory judgment involves state law issues pending before a state court between the same parties.  Supreme Court precedent states that "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties."  Brillhart v. Excess Ins. Co. of Am., 316 U.S. at 495.

MOO, 2015 WL 7800769, at *15.  As set forth in this opinion's Procedural Background section, the Court analyzed all of the Mhoon factors, in addition to Supreme Court precedent, to arrive at

its decision that it should not exercise jurisdiction.  See supra at 5-11 (describing the Court's analysis).  Accordingly, because the other factors have always suggested that the Court should not exercise jurisdiction, Judge Baca's recusal does not single-handedly alter that analysis.

Finally, the last reason why an omission regarding Judge Baca's recusal does not constitute error is that the third factor, which weighs particularly heavily in this case, outweighs any consideration of speed.  See MOO, 2015 WL 7800769, at *16-17.  As this opinion's Procedural Background section describes, the Court dedicated more pages to the procedural fencing factor than any other factor.  See MOO, 2015 WL 7800769, at *5-6 (describing case law regarding the procedural fencing factor); id. at *16-17 (analyzing the procedural fencing factor in this case).  It first cited Tenth Circuit case law, St. Paul Fire and Marine Ins. Co. v. Runyon, in which a plaintiff insurance company engaged in procedural tactics, and "us[ed] the declaratory judgment action for procedural fencing or 'to provide an arena for a race to *res judicata*.'" MOO, 2015 WL 7800769, at *5 (quoting St. Paul Fire and Marine Ins. Co. v. Runyon, 53 F.3d at 1170 (emphasis in original)).

When Nationwide Insurance sent the Court the email regarding Judge Baca's recusal, the Court looked at it and told the Courtroom Deputy Clerk to file it.  Hence, the Court read it, as its initials on the filed copy attests.  See Email Regarding J. Baca's Recusal at 1.  The Court should have mentioned Judge Baca's recusal when it wrote its opinion, but it did not.  The reason the Court overlooked this fact in its opinion was that it alone had little significance to the Court.  It only has significance in hindsight, when all the Fourth Judicial District court judges then recused themselves and the Supreme Court of New Mexico had to appoint two more judges to hear the case, one of which has also recused.  The parties never informed the Court of these other recusals, which are the real cause of the delay.  The Court could not have known about these

recusals.  Nor did the parties tell the Court about these subsequent delays before Nationwide

Insurance filed its Motion.  Moreover, the Court was not focusing on Judge Baca in the MOO;

the Court does not know Judge Baca.  The Court was focusing on the Fourth Judicial District,

and a recusal by one of the judges in that District would neither be significant without more to

the Court, nor should it have delayed matters much.  In the end, the Court's failure to mention

Judge Baca's recusal is unfortunate, but it is not significant, not error, and certainly not clear

error.  The omission also did not cause any injustice that needs to be corrected.

Next, the Court compared Nationwide Insurance's tactics to the insurance company's

tactics in St. Paul Fire and Marine Ins. Co. v. Runyon.  See MOO, 2015 WL 7800769, at *16-17.

After describing Nationwide Insurance's tactics at length, it found that Nationwide Insurance,

like the insurance company in St. Paul Fire and Marine Ins. Co. v. Runyon, engaged in unseemly

procedural tactics, which weighed strongly in favor of declining to exercise jurisdiction.  See

MOO, 2015 WL 7800769, at *16-17.   By arguing that the Court based its decision

predominantly on the Fourth Judicial District's speed, Nationwide Insurance appears to have

overlooked the Court's discussion of the third Mhoon factor.  It apparently did not understand

the Court's statement that courts should decline to exercise jurisdiction in cases like these to

provide incentives to insurance companies to communicate openly with their insureds.

Specifically, the Court stated:

> The Court does not want to divest foreign parties of the benefits of
> diversity jurisdiction, see Tr. at 49:23-25, but it should not exercise jurisdiction
> where the out-of-state party engages in procedural fencing, see St. Paul Fire and
> Marine Ins. Co. v. Runyon, 53 F.3d at 1169; Mhoon, 31 F.3d at 983.  Retaining
> jurisdiction over cases merely because the insurance company filed first
> encourages insurance companies to engage in unfair practices, like delaying claim
> resolution to gain an advantage in litigation.  Thus, while the Court hesitates to
> deny foreign corporations the benefits of diversity jurisdiction, it cannot
> encourage misleading insurance practices.

- 22 -

MOO, 2015 WL 7800769, at *16.  Likewise, the Court stated:

> If the Court allows insurance companies to avoid informing claimants whether the company covers their claim and instead file a federal lawsuit, it might be allowing them to avoid their state law duties.  Again, while the Court does not want to deprive insurance companies of the ability to choose their own forum, it does not want to encourage insurance companies to disregard state statutory obligations and therefore create friction with state courts.  Accordingly, the fourth factor weighs against exercising jurisdiction.

MOO, 2015 WL 7800769, at *18.

One of the reasons that the Tenth Circuit includes the third factor in its test is for cases exactly like this one.  See St. Paul Fire and Marine Ins. Co. v. Runyon, 53 F.3d at 1169; Mhoon, 31 F.3d at 983.  When insurance companies use these tactics, the Tenth Circuit has stated that the third factor weighs strongly against declining jurisdiction, even when other factors may point in different directions.  See St. Paul Fire and Marine Ins. Co. v. Runyon, 53 F.3d at 1169.  As the Court stated in its MOO, the Court cannot encourage these games.

Although the Court placed importance on the speed with which the Fourth Judicial District resolves cases, Judge Baca's recusal does not change the Court's analysis, because the Court's discussion related to the Fourth Judicial District's general speed, and not its particular speed in this case.  See MOO, 2015 WL 7800769, at *19.  In other words, when the Court discussed the importance of the state court's ability to resolve the parties' claims faster than the federal courts, it was not solely discussing the speed in this particular case.  See MOO, 2015 WL 7800769, at *19.  Rather, the Court was referencing the speed with which the Fourth Judicial District can resolve cases in general.  See MOO, 2015 WL 7800769, at *19 (observing that "the Court cannot keep up with New Mexico's Fourth Judicial District").  The Court used the state court's orders dismissing Nationwide's motions as examples of the state court's speed, but it did not imply that it concluded that the state court would certainly be able to resolve the parties'

claims faster.  Nor did it state that the Court's speed in this particular case was the sole basis for its decision.  Accordingly, a finding that the state court may not ultimately be able to decide the parties' claims as quickly as the Court does not change the Court's analysis.  Even taking Judge Baca's recusal into account, the Court concluded that the Fourth Judicial District's general speed put it in a position to resolve the parties' claims faster than the Court could, with its busy criminal docket and numerous complex civil cases.  And again, this conclusion is one element among many that the Court considered in determining which forum could better resolve the parties' claims.  Therefore, because: (i) the case "presents a unique set of facts in which the insurance company avoided informing the Gurules of their claim's status to gain an advantage in litigation," MOO, 2015 WL 7800769, at *19; (ii) the Fourth Judicial District can generally resolve disputes faster than the Court; and (iii) the case involves substantial state law issues that have been pending before a court that could resolve all of the parties' claims in one case, the Court concludes that it did not err.  It will therefore not change its prior ruling.

In the end, it is speculation -- particularly now -- as to whether the Court can resolve this case quicker.  The Court can only make informed, educated estimates.  At this point, there is no guarantee that, if the Court were to set side its judgment, it could move the case any quicker than Judge Mitchell, who has the smallest docket in the state system.  In any event, the Court made an estimated assessment in its MOO, and the Court cannot say it was error or has created any manifest injustice.  The parties, the Court, and the state court system deserve finality and certainty, not a case moving back and forth between state and federal court.  For the Court to reach out and take the case merely because it thinks it can do it quicker would be a raw power grab that would cause the friction that Mhoon sought to prevent and avoid.

## II.   NATIONWIDE INSURANCE DOES NOT SHOW THAT THE FIRST <u>MHOON</u> <u>FACTOR WEIGHS IN FAVOR OF EXERCISING JURISDICTION.</u>

As an additional reason for why the Court should change its ruling, Nationwide Insurance alleges that a ruling on its declaratory judgment action would resolve the dispute completely between the parties -- the first <u>Mhoon</u> factor.  <u>See</u> Motion at 8.  It asserts that the Gurules have "bad faith" claims pending in state court.  Motion at 8.  It argues that an insurer must have a contractual obligation to pay to be liable for refusing to pay in bad faith.  <u>See</u> Motion at 8. Nationwide Insurance, however, misses the basis of the Gurules' claim.  The Gurules do not allege simply that Nationwide Insurance failed to pay their claim in bad faith.  The Gurules allege that Nationwide Insurance violated the New Mexico Trade Practices and Fraud Act, N.M. Stat. Ann. §§ 59A-16-1 through -30 ("TPFA"), which includes § 59A-16-20.  Section 59A-16-20 states:

> Any and all of the following practices with respect to claims, by an insurer or other person, knowingly committed or performed with such frequency as to indicate a general business practice, are defined as unfair and deceptive practices and are prohibited:
>
> . . . .
>
> B. failing to acknowledge and act reasonably promptly upon communications with respect to claims from insureds arising under policies;
>
> C. failing to adopt and implement reasonable standards for the prompt investigation and processing of insureds' claims arising under policies;
>
> . . . .
>
> E. not attempting in good faith to effectuate prompt, fair and equitable settlements of an insured's claims in which liability has become reasonably clear;
>
> . . . .
>
> G. compelling insureds to institute litigation to recover amounts due under policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds when such insureds have made claims for amounts reasonably similar to amounts ultimately recovered;

. . . .

N. failing to promptly provide an insured a reasonable explanation of the basis relied on in the policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement; or

N.M. Stat. Ann. § 59A-16-20.

Contrary to Nationwide Insurance's assertions, the Gurules' TPFA claim does not hinge on a finding that Nationwide Insurance was contractually obligated to pay the Gurules. Section 59A-16-20 does not state that the insurer can be held liable only if it is contractually obligated to pay the plaintiff-insured. In fact, many of the provisions govern an insurer's conduct in situations in which the policy does not cover the insured's claim. For example, subsection B states that an insurer can be liable to an insured for failing to "act reasonably promptly upon communications with respect to claims from insureds arising under policies . . . ." N.M. Stat. Ann. § 59A-16-20(B). The purpose of such a requirement is to induce responsive and quick communications to an insured, even if those communications deny the insured's claim. Likewise, subsection N seeks to facilitate prompt communications when an insurer denies a claim. N.M. Stat. Ann. § 59A-16-20(N).

Here, Nationwide Insurance admits that C.R. Gurule, Inc. maintained a policy with it, and was therefore an insured with a private right of action under the TPFA. See Complaint for Declaratory Judgment ¶ 11, at 2. The Gurules assert that Nationwide Insurance violated the TPFA by "misrepresent[ing] material facts and misle[ading] plaintiffs by falsely claiming that it intended to fully investigate and adjust plaintiffs' claims as required by law." State Court Complaint ¶ 40, at 31. They maintain that, rather than investigating and promptly providing the insureds with a reasonable explanation of the basis relied on in relation to rejecting their claim, "Nationwide filed a Declaratory Judgment action . . . thus compelling Plaintiffs to institute

- 26 -

litigation to recover amounts due under the policy, all of which is contrary to and in violation of the TPFA." State Court Complaint ¶ 41, at 31. The Gurules' TPFA claim, therefore, does not disappear if the Court were to decide Nationwide Insurance's declaratory judgment action. It is an independent claim, which New Mexico's appellate courts have stated provides a specific remedy against insurance adjusters. See Martinez v. Cornejo, 2009-NMCA-11, ¶¶ 19-23, 208 P.3d 443. Accordingly, the first Mhoon factor suggests that the Court should decline jurisdiction. The Court did not err in its original conclusion, and the Court will therefore not change its ruling on this basis. Because Nationwide Insurance does not show that the Court erred and created a manifest injustice, it does not meet the Tenth Circuit's requirements for the Court to change its prior ruling under rule 59(e). The Court will therefore not change its ruling.

**IT IS ORDERED** that Nationwide Mutual Insurance Company's Motion for Reconsideration, filed November 18, 2015 (Doc. 37), is denied.

_____
UNITED STATES DISTRICT JUDGE

_Counsel:_

Gregory L. Biehler
Beall & Biehler
Albuquerque, New Mexico

     _Attorney for the Plaintiff_

David P. Garcia
The Law Firm of David P. Garcia PC
Santa Fe, New Mexico

-- and --

Robert D. Gorman
Robert D. Gorman, PA
Albuquerque, New Mexico

*Attorneys for the Defendants*